El Pueblo de Puerto Rico, demandante y apelado, *v.* Ferdinand Ramos, acusado y apelante.

Núm. 10469.—*Sometido:* Mayo 5, 1944. *Resuelto:* Mayo 8, 1944.

*Alfonso Lastra Charriez,* abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Ferdinand Ramos fué convicto por un jurado del delito de ataque para cometer homicidio y sentenciado por la corte inferior a cumplir dos años de presidio. Habiéndose sometido por las partes, con la misma prueba, dos denuncias contra el acusado sobre portación ilegal de un arma y su no inscripción, también fué declarado culpable y sentenciado a cumplir tres meses de cárcel en cada uno de estos casos. El acusado también presentó una moción de nuevo juicio la cual fué declarada sin lugar, y entonces apeló de las tres sentencias para ante esta Corte habiéndose tramitado los tres recursos conjuntamente.

El único error alegado por el apelante es que el veredicto del jurado rendido en el caso *felony* es contrario a la prueba. Hemos examinado la transcripción de evidencia y ella demuestra que el 12 de marzo de 1942 el acusado le hizo varios disparos con una pistola a Abraham Robles hiriéndolo dos veces en el muslo izquierdo, heridas que le interesaron la vejiga y el recto, siendo de carácter grave. Los hechos ocurrieron en la calle de la Luna de San Juan. Sostiene el apelante que actuó en defensa propia por haber sido Robles quien primeramente le hizo varios disparos con un revólver y que entonces él le disparó, y que por estos mismos hechos Robles fué acusado por los delitos de atentado a la vida, portar armas y no inscripción de armas.

Es obvio que si el jurado dió crédito a la prueba de cargo, como lo hizo, descartó por completo la teoría sobre defensa propia aducida por el apelante. El hecho de que el fiscal de la corte inferior acusara a Robles de atentado a la vida por los mismos hechos y que la acusación en dicho caso fuera presentada como prueba por el apelante, no implica que el jurado estuviera obligado a aceptar como ciertas las alega-

ciones contenidas en dicha acusación. Lo que indica el ve-
redicto en el caso de autos es que el jurado no dió crédito a
la defensa del apelante no obstante la actuación contradicto-
ria del fiscal de la corte inferior. Como bien dice el fiscal
de esta corte: " . . . nunca el error de un fiscal de acusar
a dos personas con prueba irreconciliable entre sí, puede ser
defensa para ninguna de ellas al celebrarse el juicio de la
causa que contra ella inició el fiscal," si el jurado no cree la
prueba presentada para sostener que los hechos ocurrieron
como se alegan en la otra acusación.

El apelante no ha alegado error alguno en cuanto a
los casos de portar armas y no inscripción de armas someti-
dos con la misma prueba del caso felony, y por lo tanto,
*procede la confirmación de las tres sentencias apeladas.*